IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANICE JOHNSON, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 3:15-CV-1737-N-BK |
| | § |
| CAROLYN COLVIN, | § |
| Acting Commissioner of Social Security, | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for Findings, Conclusions, and Recommendation. The cause is now before the Court on the parties' cross-motions for summary judgment. For the reasons that follow, it is recommended that Plaintiff's *Motion for Summary Judgment*, Doc. 14, be **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 15, be **DENIED**, and the Commissioner's decision be **REVERSED AND THE CASE REMANDED**.

**I.    BACKGROUND**[1]

**A.    Procedural History**

Plaintiff seeks judicial review of a final decision by the Commissioner denying her claim for Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). In August 2012, Plaintiff filed for SSI, claiming that she had been disabled since November 2010. Doc. 11-3 at 13; Doc. 11-4 at 2. Her application was denied at all administrative levels, and she now

---

[1] The following background comes from the transcript of the administrative proceedings, which is contained in Docket Entry 11.

appeals to this Court pursuant to 42 U.S.C. § 405(g).  Doc. 11-3 at 2-4; Doc. 11-3 at 13-19; Doc. 11-4 at 3; Doc. 11-5 at 2-3, 7; Doc. 11-5 at 15-18.

### B.     Factual Background

At the time she filed her application for SSI, Plaintiff was 44 years old and had a tenth-grade education.  Doc. 11-3 at 18; Doc. 11-3 at 69-70.  She had no past relevant work.  Doc. 11-3 at 18.  Her diagnosed medical conditions included chronic obstructive pulmonary disease ("COPD"), osteoarthritis in her knees, degenerative disk disease of the lumbar spine, moderate obesity, bilateral carpal tunnel syndrome, and intermittent left shoulder pain.  Doc. 11-3 at 60-63.

Plaintiff's medical records indicate that throughout 2011 and 2012, she complained of back, left shoulder, hip, and knee pain that caused her to limp, a restricted range of motion in the left shoulder and knee, and "generalized pain."  Doc. 11-8 at 41-42, 45-46; Doc. 11-8 at 57, 59; Doc. 11-8 at 78; Doc. 11-8 at 89, 94, 102, 105, 108; Doc. 11-8 at 114; Doc. 11-9 at 40.  At the Commissioner's request, Plaintiff was evaluated by Dr. Malcolm Horne, Jr. in October 2012.  Doc. 11-9 at 90-101.  Dr. Horne diagnosed Plaintiff with (1) degenerative joint disease of the knees, most likely due to obesity; (2) tendonitis of the left shoulder with normal range of motion; (3) asthma; (4) obesity; and (6) essential hypertension.  Doc. 11-9 at 93.

### C.     Administrative Hearing

During the administrative hearing the medical expert witness ("ME") opined that Plaintiff is limited to sedentary exertion, with no standing/walking for more than two hours in an eight-hour work day; sitting for six hours per day; limited operation of foot controls; no climbing of ladders, ropes or scaffolds; other postural activities performed only occasionally; overhead reaching limited to no more than frequently bilaterally; and gross and fine manipulation limited to frequently on the left side.  Doc. 11-3 at 67.

The ALJ then posed a hypothetical question to the vocational expert witness ("VE"). The first hypothetical included the identical residual functional capacity ("RFC") assessment as stated by the ME, except that the ALJ did not include the limitation to fingering no more than frequently with the left hand. [Doc. 11-3 at 84-85](). The VE identified the jobs of addresser, surveillance system monitor and optical goods final assembler. [Doc. 11-3 at 85-86](). When the ALJ added the limitation that the individual was able to perform handling and fingering only occasionally, the VE indicated that only the job of surveillance system monitor would remain. [Doc. 11-3 at 86]().

### D.   The ALJ's Findings

The ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Doc. 8-3 at 21. The ALJ first found that Plaintiff had not engaged in any substantial gainful activity since her SSI application date. Doc. 8-3 at 15. Next the ALJ determined that Plaintiff had the severe impairments of COPD; degenerative joint disease and osteoarthritis of the knees; status post left knee replacement; degenerative disc disease of the lumbar spine at L3-S1; carpal tunnel syndrome; and intermittent left shoulder pain of unknown etiology. Doc. 8-3 at 15-16. The ALJ found that these impairments did not meet the Commissioner's requirements for presumptive disability. Doc. 8-3 at 16. The ALJ then determined that Plaintiff had the capacity to perform a reduced range of sedentary work with the limitations identified by the ME, except that Plaintiff could perform handling and fingering occasionally. Doc. 8-3 at 16. The ALJ acknowledged that Plaintiff has no past relevant work, but found that she can perform the job of surveillance system monitor, noting that there were 1,000 such jobs in Texas and 9,200 nationally. Doc. 8-3 at 18-19.

## II.  APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months.  42 U.S.C. § 423(d)(1)(A).  The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled:  (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if any other work can be performed.  *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled.  *Id.*  If the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence.  *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III.  ARGUMENT AND ANALYSIS

Plaintiff argues that the ALJ erred in finding that she could work as a surveillance system monitor because, pursuant to federal regulation, that work is defined as semi-skilled, and the ALJ found that Plaintiff has no transferable skills. Doc. 14 at 10-12 (citing 20 C.F.R. § 416.968(d)(1)). Plaintiff also argues that the Commissioner failed to carry her burden of establishing the existence of work available in significant numbers in the economy. Doc. 14 at 12. Defendant disputes that the surveillance system monitor job is semi-skilled, but does not respond to Plaintiff's assertion regarding the low number of such jobs available. *See* Doc. 15. The Court will address the second argument first because it is dispositive.

The Social Security regulations provide that the phrase jobs "existing in the national economy," does not encompass the entire United States, but rather, the Commissioner considers "that work exists . . . in significant numbers when it exists in significant numbers either in the region where you live or in several other regions of the country . . . Isolated jobs that exist in only very limited numbers in relatively few locations outside of the region where you live are not

5

considered 'work which exists in the national economy.'" 20 C.F.R. § 404.1566.  However, "it does not matter whether . . . [w]ork exists in the immediate area in which you live." *Id.*

Based on the VE's testimony, the ALJ found that 1,000 surveillance system jobs were available in Texas and 9,200 existed nationally.  Doc. 8-3 at 18-19.  The Court of Appeals for the Fifth Circuit has not, in a published opinion, laid out an express number which represents a "significant number."  However, the Sixth Circuit held that a "judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the [VE]'s testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (finding to be significant 1,350-1,800 jobs in a nine-county area including Dayton, Ohio area).  The *Hall* test has been adopted by the Eighth Circuit and the Tenth Circuit as well.  *See Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992) (650-900 jobs in Oklahoma sufficient); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (500 jobs in the St. Louis area sufficient); *see also Johnson v. Chater*, 108 F.3d 178, 180 & n.3 (8th Cir. 1997) (200 jobs in Iowa and 10,000 national jobs sufficient, noting that the particular jobs at issue were merely a subcategory of other jobs the claimant could perform); *Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 jobs in the Milwaukee metropolitan area sufficient); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (174 local, 1,600 in Georgia, and 80,000 nationwide jobs sufficient); *Doddy v. Comm'r, Soc. Sec. Admin.*, No. 12-cv-384, 2014 WL 1268567, at *7 (E.D. Tex. 2014) (finding that 3,400 jobs in Texas and 61,000 jobs in the national economy represented a significant number); *Caronia v. Colvin*, No. 12-cv-595-Y, 2013 WL 5192904, at *7 (N.D. Tex. 2013) (Means, J.) (2,000 to 3,000 jobs in Texas and 50,000 in the

national economy sufficient); *Thompson v. Astrue*, No. 08-cv-1134-G, 2010 WL 2816677, at *7 (N.D. Tex. 2010) (Kaplan, M.J.) (finding that 105,000 jobs in the national economy was sufficient), *adopted by* 2010 WL 2816680 (N.D. Tex. 2010) (Fish, J.); *Mercer v. Halter*, No. 00-cv-1257, 2001 WL 257842, at *6 (N.D. Tex. 2001) (500 jobs in Texas and 5,000 jobs nationwide sufficient) (Bleil, M.J.); *but cf. Frommel v. Comm'r of Social Sec.*, No. 14-CV-522, 2015 WL 3970147, at *4 (S.D. Oh. 2015) (remanding for a determination of whether 730 jobs in the Cincinnati area constituted a significant number); *Mackins v. Astrue*, 655 F.Supp.2d 770, 773 (W.D. Ky. 2009) (holding that 900 jobs in the county and 60,000 jobs in the nation was not a "significant number"); *Mericle v. Sec'y of Health and Human Serv.*, 892 F.Supp. 843, 847 (E.D. Tex. 1995) (holding that 870 jobs in Texas was not a "significant number."); *Walker v. Shalala*, No. H-93-2507, 1994 WL 171209, at *2 (S.D. Tex. 1994) (holding that 1,800 surveillance systems monitor jobs in Texas and 18,000 nationally was not significant).  The Court of Appeals for the Fifth Circuit held in an unpublished opinion that 50,000 jobs in the national economy was a significant number.  *Lirley v. Barnhart*, 124 Fed. Appx. 283, 284 (5th Cir. 2005).

   As noted, the VE in this case found that there were 1,000 surveillance system monitor positions available in Texas and 9,200 available nationwide.   While there is no bright line rule that applies, the weight of the relevant authority suggests that those numbers do not constitute a significant number of positions either within the state of Texas or in the national economy.  *See, e.g.*, *Walker*, 1994 WL 17129, at *2 (holding that 1,800 surveillance systems monitor jobs in Texas and 18,000 nationally was not significant).  Accordingly, this case should be remanded for consideration of the *Hall* factors and a determination of whether the available surveillance system monitor positions constitute a significant number of jobs within the meaning of the Act. *Frommel*, 2015 WL 3970147, at *4.  Because remand is recommended on that basis, the Court

does not reach Plaintiff's argument about the level of skill required for the surveillance systems monitor position. Of course, that issue may be addressed on remand. 20 C.F.R. § 416.1483 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 14, should be **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 15, should be **DENIED**, and the Commissioner's decision should be **REVERSED AND THE CASE REMANDED**.

**SO RECOMMENDED** on February 25, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE